UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PRECIOUS VENABLE,

                      Plaintiff,

v.

CITY OF MILWAUKEE,
EDWARD FLYNN,
JASON MUCHA, and
MICHAEL VAGNINI,

                      Defendants.

Case No. 13-CV-1114-JPS

ORDER

        As the Court previously discussed in its order on the defendants' motion for judgment on the pleadings, this case stems from an alleged strip search conducted on the plaintiff, Precious Venable. (*See* Docket #1, #24). Ms. Venable originally alleged that she was strip-searched by defendant Michael Vagnini (*see* Compl. ¶¶ 45–46) while defendant Jason Mucha stood by and did nothing (*see* Compl. ¶¶ 47–48) (although it now seems that Mr. Mucha was not present at the search). She, therefore, filed suit against Vagnini and Mucha, as well as the City of Milwaukee and Chief Edward Flynn (when the Court refers to this group collectively, it will call them "the defendants").

        The matter now comes before the Court on the defendants' motion for summary judgment, together with various other motions to strike, compel, and seal. The Court will address each in turn, in hopes of clarifying the state of this case prior to trial.

1.    MOTION FOR SUMMARY JUDGMENT

        The Court begins by addressing the defendants' motion for summary judgment. (Docket #39).

1.1     Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

However, in deciding whether there are any genuine issues of material fact, the Court must view the record in the light most favorable to Ms. Venable and draw all reasonable inferences in her favor. *Id.* at 255. The Court cannot weigh the evidence or decide which party's submissions and testimony are more believable. *Id.*

1.2     Discussion

The best place to start discussing the defendants' motion for summary judgment is by setting out Ms. Venable's claims. Ms. Venable alleged six claims in her complaint:

| | |
|---|---|
| Count One: | Unreasonable search and seizure in violation of 42 U.S.C. § 1983, against Vagnini (Compl. ¶¶ 45-46); |
| Count Two: | Failure to intervene in violation of 42 U.S.C. § 1983, against Mucha (Compl. ¶¶ 47-48); |
| Count Three: | Conspiracy to deprive the plaintiff of her constitutional rights in violation of 42 U.S.C. § 1983, against Vagnini and Mucha (Compl. ¶¶ 49-55); |

| | |
|---|---|
| Count Four: | Municipal liability in violation of 42 U.S.C. § 1983, and pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978), against the City (Compl. ¶¶ 56-65); |
| Count Five: | Supervisory liability in violation of 42 U.S.C. § 1983, against Flynn (Compl. ¶¶ 66-69); and |
| Count Six: | Indemnification, pursuant to Wis. Stat. § 895.46, such that the City must pay any tort judgment for which its employees (here, Vagnini, Mucha, and Flynn) are responsible (Compl. ¶¶ 70-72). |

The defendants have moved for summary judgment on those claims in the following respects. First, asserting that all claims against Mucha must be dismissed, because he was not present during the time of the search in question. (Docket #46 at 30). Second, asserting that all claims against Flynn must be dismissed, because he did not personally participate in the search. (Docket #46 at 30). Third, asserting that the search in question did not violate the Fourth Amendment. (Docket #46 at 31–33). Fourth, asserting that Vagnini is entitled to qualified immunity as to his search. (Docket #46 at 33–36). Fifth and sixth, asserting that there is no evidence that Vagnini engaged in an unlawful conspiracy or, alternatively, that he is entitled to qualified immunity on that issue. (Docket #46 at 36–37). And, seventh, that the plaintiff cannot support her *Monell* claims against the City of Milwaukee. (Docket #46, 37–46).

Ms. Venable agreed to dismiss a number of her claims, thus mooting the defendants' arguments on those points. The Court will note that fact where appropriate, and will dismiss those claims. On all the remaining claims, summary judgment is wholly inappropriate. Thus, this case will proceed to trial as scheduled.

### 1.2.1 Claims Against Mucha

Discovery revealed that Mucha was not involved in the stop of Ms. Venable. (*See* Docket #50 at 2 n.1). Ms. Venable, therefore, has agreed to dismiss her claims against Mucha (Count II and Count III). (*See* Docket #50 at 2 n.1). Accordingly, the Court will dismiss Count II and Count III against Mucha with prejudice.[1] Mucha is, therefore, dismissed from this case entirely, as there are no longer any claims pending against him. The Court will deny the defendants' motion for summary judgment in this regard as moot.

The only remaining issue on this point is whether the Court should grant the defendants' motion for fees and costs related to defending the claims against Mucha; it emphatically should not. To begin, the defendants have not offered any support whatsoever for their request.[2] (*See* Docket #63 at 2). Moreover, given that Ms. Venable faced various delays in receiving important materials and that those materials contained confusing errors, Ms. Venable's failure to dismiss Mucha earlier in the case was substantially justified. The Court finds no basis to award costs and fees to the defendants on this issue.

---

[1] Given the advanced stage of this case and Mucha's lack of involvement, dismissal with prejudice is appropriate.

[2] This is a problem that seems to plague defense counsel, seeing as they also failed to cite to the factual record in their reply brief, in violation of Civil L.R. 56(b)(6). Ms. Venable, accordingly, has moved to strike the defendants' reply. (Docket #85). She also moved to strike the defendants' additional proposed findings of fact for other rules violations. (Docket #84). And Ms. Venable's arguments are strong; the Court will, nonetheless, deny her motions as moot, because the Court finds it appropriate to deny the motion for summary judgment even considering those submissions.

### 1.2.2 Claims Against Flynn

The defendants' argument that the claims against Flynn must be dismissed fails. Not only is it wholly unsupported by *any* citations to case law or the record, it also seems both to fundamentally misunderstand Ms. Venable's claim against Flynn and to have totally ignored the Court's discussion on the topic in its order on the defendants' motion for judgment on the pleadings.

The failure to support their argument, alone, is fatal to the argument. *See, e.g.*, *Jordan v. Binns*, 712 F.3d 1123, 1134 (7th Cir. 2013) (undeveloped arguments are waived).

Moreover, while Flynn was not actually involved in the stop, that is not the issue, here. Rather, the issue is whether Flynn knew about the conduct and facilitated, condoned, or turned a blind eye to it, so as to be subject to supervisory liability under 42 U.S.C. § 1983, as described in *Backes v. Village of Peoria Heights, Ill.*, 662 F.3d 866, 869–70 (7th Cir. 2011), and *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Under those cases, if Flynn knew about Vagnini's conduct and somehow facilitated, condoned, or turned a blind eye to it, he may be liable. Given the number of serious allegations against officers in District 5 and the fact that the pattern was allowed to continue for a substantial period of time (*e.g.* PPFF ¶¶ 116–147, 217), the Court may draw the reasonable inference that Flynn was aware of the troubling conduct and did nothing to stop it. Perhaps the evidence at trial will show something different, but outright dismissal of the claim against Flynn at this juncture would be inappropriate.

The Court will, therefore, deny this portion of the defendants' motion for summary judgment.

### 1.2.3  Fourth Amendment Claims Against Vagnini

The Court must also deny the defendants' motion for summary judgment on the search-related claims against Vagnini. The defendants argued that the search was either lawful or that Vagnini is entitled to summary judgment on them. (Docket #46 at 31–36). There are, however, very serious factual disputes remaining that preclude summary judgment on either basis.

To resolve a question of qualified immunity, the Court must engage in a two-prong inquiry, the first prong of which deals with whether the alleged search was lawful. That first prong requires the Court to decide whether the facts, "[t]aken in the light most favorable to the party asserting the injury, …show the officer's conduct violated a [federal] right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong requires the Court to answer whether the right in question was "clearly established" at the time of the violation, such that the state of the law at the time of the incident provided fair warning to the defendants that their conduct was unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 739, 741 (2002). In performing this analysis, the Court must be sure not to resolve genuine factual disputes in favor of the party seeking summary judgment. *Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004) (*per curiam*); *Saucier*, 533 U.S. at 201; *Hope*, 536 U.S. at 733, n.1.

Ms. Venable asserts that she was strip searched by Officer Vagnini, and there are factual disputes regarding what actually occurred during the stop. But taking the facts in Ms. Venable's favor, as the Court must at this stage of the proceedings, Ms. Venable was subject to an unlawful strip search, which no one can doubt was unlawful at the time this activity occurred, as such outrageous conduct is obviously unconstitutional. *E.g.*,

*Safford Unified Sch. Dis. v. Reding*, 557 U.S. 364, 377 (2009) (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)).[3]

The Court is, therefore, obliged to deny the defendants' motion for summary judgment in this regard.

### 1.2.4 Conspiracy Claims

Ms. Venable has agreed to dismiss her conspiracy claims against Vagnini (and, as already discussed, against Mucha). Accordingly, the Court will dismiss this claim and will deny as moot the defendants' motion for summary judgment in this regard.

### 1.2.5 *Monell* Claims Against City

There is evidence that substantial numbers of strip search complaints were levied against officers in District 5 and that those complaints were routinely found to be without merit (*e.g.* PPFF ¶¶ 116–147, 217); later, there were criminal prosecutions related to such incidents (*e.g.*, PPFF ¶¶ 116, 171–192). On that basis alone, the Court may draw the reasonable inference that the City had a *de facto* policy of ignoring claims of misconduct and/or failing to train, supervise, and discipline its officers, which would support *Monell* liability. *See, e.g.*, *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

This will be a major point of contention at trial—the City cannot be liable unless that policy, "although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage'

---

[3]The defendants argue that "the Fourth Amendment does not require officers to use the least intrusive or even less intrusive alternative in search and seizure cases; the only test is whether what the police did was reasonable." (Docket #63 at 11 (citing *Plakas v. Drinski*, 19 F.3d 1143, 1149 (7th Cir. 1994))). Be that as it may, it would be very difficult to call reasonable a strip search like the one described by Ms. Venable. In any event, the actual events must be determined first, and that is the function of the jury.

with the force of law." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)). But that is an evidence-dependent finding, not one appropriate for summary judgment.

For these reasons, the Court is obliged to deny the defendants' motion for summary judgment in this respect.

### 1.3 Conclusion Regarding Summary Judgment

In sum, the only claims that should be dismissed are those that the plaintiff has agreed to dismiss. The remaining questions are so fact-dependent (and the facts are so much in dispute) that summary judgment is inappropriate. The Court, accordingly, must deny the defendants' motion for summary judgment in full (in part as being moot and in part as simply inappropriate on the record). This case must go to trial.

## 2. MOTIONS TO STRIKE

There are three motions to strike that are currently pending. First, the defendants' motion to strike Ms. Venable's expert report. (Docket #60). Second, Ms. Venable's motion to strike the defendants' additional proposed facts (Docket #84) and reply brief (Docket #85).

### 2.1 Motion to Strike Expert

The Court did not rely on the report of Ms. Venable's expert in reaching a decision on the defendants' motion for summary judgment. Accordingly, the Court need not strike the report at this time. Nonetheless, the Court will hold the motion in abeyance pending a response from Ms. Venable and a reply from the defendants. At this point, the motion to strike the expert functions similarly to a motion *in limine*. If the Court decides that it should strike the expert report, then the expert's testimony at trial would be inappropriate. It is, therefore, best to reserve ruling on this issue pending further briefing from the parties.

2.2     Motion to Strike Defendants' Reply Submissions

As the Court discussed in footnote 2, *supra*, there are some issues with the defendants' reply submissions. The Court has not needed to rely on those submissions to reach its determination—which, in any event, ultimately favors Ms. Venable—and, therefore, the Court will deny as moot those motions to strike.

3.     MOTION TO COMPEL

Ms. Venable has filed a motion to compel Vagnini and Mucha to answer questions about psychological treatment. (Docket #83). That motion is not fully briefed, so the Court will hold it in abeyance until it has received all of the parties' brief on the topic.

However, the Court must point out two issues. First, the briefing seemingly may not be complete until the eve of trial; if the parties wish to have this issue decided before trial, they should either reach an agreement on the topic or submit their briefs on an expedited basis to enable the Court to make a pretrial ruling. Second, noting that Jason Mucha is no longer a defendant in the case, the Court hesitates to compel him to answer these potentially-invasive questions absent a showing of relevance by Ms. Venable (regardless of the other issues on the topic, including privilege).

4.     MOTIONS TO SEAL

Finally, the Court must address the outstanding motions to seal. (Docket #48, #77, #82). The Court will grant those motions. The parties have done a good job of redacting the limited portions of their submitted materials that include sensitive information. Accordingly, the Court will grant their motions to seal.

5. CONCLUSION

In sum, the Court must deny the defendants' motion for summary judgment. There are significant issues that remain for trial.

The motion to strike Ms. Venable's expert remains outstanding, essentially as a motion *in limine*, and the Court awaits further briefing from the parties on that issue. Likewise, the Court will address the outstanding motion to compel after receiving additional briefing from the parties.

The Court closes by admonishing the parties to *work together in a cooperative manner* in preparation for trial. The trial date is just around the corner, and there is much to be done in the interim.

Accordingly,

IT IS ORDERED that, in accordance with the plaintiff's statement of dismissal (Docket #50 at 2 n.1) and Rule 41(a)(1)(A)(2) of the Federal Rules of Civil Procedure, Ms. Venable's claims against defendant Mucha and conspiracy claim against defendant Vagnini be and the same are hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that, for the reasons discussed above, the defendants' motion for summary judgment (Docket #39) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the defendants' motion to strike Ms. Venable's expert (Docket #60) be and the same is hereby HELD IN ABEYANCE pending further briefing from the parties;

IT IS FURTHER ORDERED that Ms. Venable's motion to strike the defendants' reply submissions (Docket #84, #85) be and the same are hereby DENIED as moot;

IT IS FURTHER ORDERED that Ms. Venable's motion to compel (Docket #83) be and the same is hereby HELD IN ABEYANCE pending further briefing from the parties; and

IT IS FURTHER ORDERED that the parties' outstanding motions to seal (Docket #48, #77, #82) be and the same are hereby GRANTED.

Dated at Milwaukee, Wisconsin, this 12th day of August, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge